**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Tiwanda Lovelace, | Case No. 2:22-cv-00766-JAD-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| U.S. Department of Justice, | |
| Defendant. | |

Pro se plaintiff filed documents initiating this case on May 16, 2022. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the Court will grant her request to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint.

**I.    ANALYSIS**

**A.    Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the Complaint**

Plaintiff' allegations are unclear. *See* ECF No. 1-1. Plaintiff advances four separate causes of action for violations of 5 U.S.C. § 552 (Freedom of Information Act), 5 U.S.C. § 552a (Violation of Privacy Act), 18 U.S.C. § 241 (Violation of Conspiracy Against Rights), and 18 U.S.C. § 242 (Violation of Deprivation of Rights Under Color of Law). *Id.* at 14-20. However, even liberally construing Plaintiff's complaint, the Court is unable to decipher Plaintiff's factual allegations.

Plaintiff's factual allegations are wide-ranging and not entirely comprehensible. *See* ECF No. 1-1. For example, Plaintiff alleges that she is the daughter of a man who killed a police officer and a bar owner. *Id.* at 1. She also alleges that she is an online publisher who seeks to promote transparency and accountability in the government. *Id.* at 2. She alleges that she requested certain information from the government to "address concerns of unwarranted violation of privacy, unprovoked investigations, or any reason why I would be experiencing unexplained mail tampering, delays in telephone connections, electronic and computer disturbances." *Id.* It appears that she also alleges that the government responded to her request for information and that the response indicates "either an active investigation or undercover officer and/or informant, which means that this FBI file would span 35+ years ago for an individual without any federal arrest or cases.". *Id.* at 3-4. Plaintiff then states that she attaches documents that "reflect federal crimes being committed against her continually for a consistent thirty years; yet, there was no

effort made to prevent, control, or reduce crime or apprehend criminals. Petitioner has attached documents which clearly demonstrate deprivation of privacy rights when mail tampering and delays are intercepting spanning thirty years, across multiple carriers." *Id.* at 4. Plaintiff discusses several other incidents, including but not limited to, a civil action she filed in which she alleges that court clerks modified her documents. (*id.* at 5-6), inaccurate criminal records that the government maintains of her (*id.* at 6), surrendering to the government in 1992 for charges stemming from 1988 (*id.* at 7), criminal charges that should be "listed under the First Offender Act" (*id.* at 8), and that she met with Senator Cortez-Masto's staff about securing housing but she never heard from them again (*id.* at 9).

Based on Plaintiff's factual allegations, the Court cannot evaluate whether Plaintiff states any claims for relief. Accordingly, the Court will dismiss Plaintiff's complaint without prejudice and with leave to amend to file a more manageable complaint. *See Dietz v. Bouldin*, 136 S.Ct. 1885, 1891 (2016) (holding that the Supreme Court "has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"). To help Plaintiff file a properly formatted complaint, the Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure. Plaintiff is also advised that failure to comply with these rules when drafting and filing her next amended complaint may result in a recommendation that this action be dismissed.

First, Plaintiff is advised that she must specify which claims she is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims she is alleging against each defendant. Specifically, she must allege facts showing how each named defendant is involved and the approximate dates of their involvement. Put another way, Plaintiff should tell the Court, in plain language, what each defendant did to her and when. "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Second, Plaintiff's amended complaint must be short and plain. The simpler and more concise Plaintiff's complaint, the easier it is for the Court to understand and screen it. The Federal Rules also require this. Under Federal Rule of Civil Procedure 8, Plaintiff's amended complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

Third, Plaintiff may not raise multiple unrelated claims in a single lawsuit. The Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when those claims are against the same defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). "However, unrelated claims that involve different defendants must be brought in separate lawsuits." *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). This rule is intended to avoid confusion, which arises out of bloated lawsuits.

Lastly, Plaintiff's amended complaint must be complete in and of itself. If Plaintiff chooses to file an amended complaint, she is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete by itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file her amended complaint on this Court's approved form, which the Clerk of Court will send Plaintiff.

## II. Motion for Correction (ECF No. 5)

Plaintiff filed a motion to correct another filing of hers. ECF No. 5. Specifically, she filed certain exhibits at ECF No. 4. She alleges in ECF No. 5 that the Clerks Office altered and modified her filing in several ways, including changing the intended purpose of the filing, changing the color of the documents, reformatting the images, and removing certain numbers. *See Id.* at 1-2. She asks the Court to order the Clerks Office to correct the filing. *Id.* at 2.

The Court will order that the Clerks Office strike ECF No. 4. Local Rule 7-2(g) provides that "[a] party may not file supplemental . . . evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court." Because Plaintiff never received leave to file the supplemental exhibits at ECF No. 4, the Court strikes ECF No. 4 (which contains supplemental exhibits in support of Plaintiff's complaint). Because the Court is striking ECF No. 4, ECF No. 5 will be denied as moot.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 1-1) is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that the Clerk of Court shall mail Plaintiff a copy of the non-prisoner, pro se form complaint.

IT IS FURTHER ORDERED that if Plaintiff chooses to amend her complaint, she must do so by January 12, 2023. If Plaintiff chooses not to amend her complaint, this Court will recommend that her case be dismissed.

IT IS FURTHER ORDERED that the Clerk of Court shall strike ECF No. 4.

IT IS FURTHER ORDERED that Plaintiff's motion at ECF No. 5 is DENIED as moot.

DATED: December 16, 2022

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE